IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE MILL STEEL COMPANY, *et al.*, ) ) ) Plaintiffs, ) ) v. ) ) SOUTHEASTERN STUD & ) COMPONENT, INC., *et al.*, ) ) Defendants. ) | CASE NO. 2:14-CV-1023-WKW [WO] |

## **ORDER**

Upon consideration of Plaintiffs' Motion to Lift Stay (Doc. # 54), and for good cause shown, it is ORDERED that the motion is GRANTED. On October 27, 2014, Defendant Southeastern Stud and Components, Inc. ("Southeastern Stud") provided notice that it had filed a voluntary petition under Chapter 11 of the Bankruptcy Code.[1] (Doc. # 26.) When Southeastern Stud filed for bankruptcy – regardless of precipitating events – an automatic stay was triggered, prohibiting "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy petition]." U.S.C. § 362(a)(1). In light of the

---

[1] The events that led to Southeastern Stud's Chapter 11 bankruptcy petition remain fiercely contested.

automatic stay's shield of Southeastern Stud's estate, and upon the motion of Plaintiffs, a stay over the entirety of this litigation was ordered in the hopes that a controlled and efficient bankruptcy proceeding would preserve the debtor-estate while presenting all parties with an opportunity for judicial resolution of the competing claims. (Doc. # 52.)

As the bankruptcy proceeding has moved forward, however, Plaintiffs no longer wish to refrain from pursuing their claims against the non-debtor Defendants[2] and have requested that the stay be lifted as to all Defendants except Southeastern Stud.[3]  Defendants counter with allegations of Plaintiffs' bad faith and good engineering (alleging that Plaintiffs wish to "capitalize on the default which Mill Steel itself engineered." (Doc. # 56, at 2.))  The cure for the ills of all parties (excluding the debtor in bankruptcy, Southeastern Stud) is litigation, which will proceed in this court.  Because Mr. Whaley is a party, the court concludes that, at least on the information currently available, his presence in the litigation gives a potential avenue of relief as an equity owner of Southeastern Stud and most of the non-debtor Defendants for the alleged wrongful conduct of Plaintiffs.

---

[2] "Non-debtor Defendants" refers to all Defendants in this action who are not in bankruptcy.  Of course, it is alleged that they are debtors to Plaintiffs.

[3] The stay was initially extended to encompass the non-debtor Defendants in light of this court's authority to orderly and expeditiously manage its docket. *See Equity Lifestyle Props. Inc. v. Fla. Mowing and Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009).

Therefore, after thoroughly reviewing the Trustee Report submitted to the Bankruptcy Court on January 2, 2015, the arguments of the parties, and the record, it is apparent that the continuation of the present litigation is warranted as to the claims of Plaintiffs and all non-debtor Defendants.[4]

Accordingly, it is ORDERED that the stay imposed by Order dated November, 26, 2014, is LIFTED as to all parties, with the exception of Southeastern Stud & Components, Inc.  It is further ORDERED, that Plaintiffs file a Third Amended Complaint on or before **February 25, 2015**, to reflect the current status of the litigation.  Defendants are DIRECTED to answer, counterclaim, or otherwise respond to Plaintiffs' Third Amended Complaint **on or before March 9, 2015**.

DONE this 19th day of February, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] It is not likely the court would appoint Mr. Alexander, trustee in bankruptcy for Southeastern Stud, as receiver of non-debtor Defendants, should appointment of a receiver be appropriate. This is due to a potential conflict of interest in the event it is determined by the bankruptcy court that preferences may have been paid to some or all of the non-debtor Defendants, or allegations here or there that Mr. Whaley is the alter ego of one or more of all the entities.